Stephen C. Richman (No. 15884)
R. Matthew Pettigrew, Jr. (No. 32952)
Markowitz & Richman
123 South Broad Street – Suite 2020
Philadelphia, PA 19109
215-875-3132

Attorneys for Plaintiff

---

| | |
|---|---|
| **Patrick O'Hara**, Administrator of | : |
| United Independent Union Welfare Fund | : United States District Court |
| 4937 National Street | : |
| Philadelphia, PA 19135 | : Eastern District of Pennsylvania |
| | : |
| Plaintiff | : |
| | : Civil Action |
| v. | : |
| | : No. |
| **Cedar Farms Co., Inc.** | : |
| 2100 Hornig Road | : |
| Philadelphia, PA 19116, | : |
| | : |
| Defendant | : |

---

## Complaint

---

The plaintiff, Patrick O'Hara, Administrator of United Independent Union Welfare Fund, by and through his attorneys, Markowitz & Richman, hereby files this complaint, and with regard to the defendant, Cedar Farms Co., Inc., alleges:

### Jurisdiction and Venue

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145,

and Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29

U.S.C. § 185, to compel compliance with certain collective bargaining agreements and trust

agreements and to collect unpaid fringe benefit contributions.

2.  This Court has jurisdiction over this matter pursuant to Sections 502(e)(1) of ERISA,

29 U.S.C. § 1132(e)(1), Section 301 of the LMRA, and 28 U.S.C. § 1331.

3.  Venue is proper pursuant to Section § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2),

and 28 U.S.C. § 1391(b).

### Parties

4.  The plaintiff, Patrick O'Hara ("O'Hara"), is the Administrator of United Independent

Union Welfare Fund ("Fund"). O'Hara is a fiduciary of the Fund within the meaning of Section

3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5.  The Fund is multi-employer benefit fund within the meaning of Section 302(c)(5) of

the LMRA, 29 U.S.C. § 186(c)(5), and Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3)

and 1002(37). The Fund receives and administers contributions from various contractors who are

obligated to make contributions thereto by virtue of their having agreed to be bound by a

collective bargaining agreement with United Independent Union, Local No. 1 ("Union"). The

Fund's office is located at 4937 National Street, Philadelphia, PA 19135.

6.  The defendant, Cedar Farms Co., Inc. ("Cedar Farms") is a Pennsylvania corporation

with an address of 2100 Hornig Road, Philadelphia, PA 19116.

## Background

7.  Cedar Farms' employees who are represented by the Union are participants in and beneficiaries of the Funds.

8.  Cedar Farms is a party to a collective bargaining agreement ("Agreement") with the Union.  (A copy of the Agreement is attached hereto as Exhibit A.)

9.  The agreement requires Cedar Farms to make contributions to the Fund for each hour worked by each employee. (Agreement, p. 16.)

## Count One

### Breach of Contract

10.  Paragraphs 1 through 9 of this complaint are re-alleged as if fully set forth herein.

11.  At all times relevant to this lawsuit, Cedar Farms employed individuals whose wages, hours, and terms and conditions of employment were governed by the Agreement.

12.  Cedar Farms has failed to make contributions to the Fund in the amount of at least $4,292.40.

13.  Cedar Farms' failure to make the contributions to the Fund is a breach of the Agreement.

## Count Two

### Violation of ERISA

14.  Paragraphs 1 through 13 of this Complaint are re-alleged as if fully set forth herein.

15.  Section 515 of ERISA, 29 U.S.C. § 1145, requires that every employer, who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement, shall do so in accordance with such plan or agreement.

16.  Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), provides that in any action instituted for on or behalf of a multi-employer plan to enforce the payment of delinquent contributions, the Court shall, if judgment is entered in favor of the plan, award the plan:  (a) the unpaid contributions, plus (b) interest on the unpaid contributions, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court under subparagraph (a), plus (d) reasonable attorney's fees and costs of the action, plus (e) such other legal or equitable relief as the court deems appropriate.

17.  Cedar Farms's failure to pay its contributions to the Funds is a violation of ERISA.

**Count Three**

**Demand for Audit**

18.  Paragraphs 1 through 17 of this Complaint are re-alleged as if fully set forth herein.

19.  The operation  of the Fund is controlled by the Restated Agreement and Declaration

of Trust of United Independent Union Welfare Fund ("Trust Agreement"). (A copy of the Trust Agreement is attached hereto as Exhibit B.)

20.  The Trust Agreement (a) authorizes the Fund's trustees to verify, by audit or other means, the accuracy of statements and information submitted to the Fund by Cedar Funds and (b) requires that Cedar Farms furnish to the Fund's trustees such information and reports as the trustees may require in the performance of their duties. (Trust Agreement, Article IV, Section 1(f).)

21.  Cedar Farms has refused to permit the Fund's auditors to conduct an audit of its books and records.

WHEREFORE, the plaintiff prays that this Honorable Court grant the following relief:

(a) an Order directing Cedar Farms immediately to submit all overdue contribution reports to the Fund's administrator;

(b) an Order directing Cedar Farms to provide to the Fund's auditors immediate and complete access to its books and records so that the full amount owed to the Funds by Cedar Farms can be determined;

(c) judgment in favor of the plaintiff in the amount of $4,292.40, plus full amount determined by the auditors to be owed to the Funds, plus the amount of any unpaid contributions that arise or are discovered subsequent to the commencement of this lawsuit;

(d) interest on the unpaid contributions;

(e) liquidated damages as provided by ERISA and the Agreement;

(f) the reasonable litigation costs, auditors' fees, and attorneys' fees incurred by the plaintiff in connection with this action; and

(g) such other legal and equitable relief this court deems just and proper and/or to which the plaintiff is otherwise entitled.

Respectfully submitted,

MARKOWITZ & RICHMAN

_____October 21, 2015_____
Date

R. Matthew Pettigrew, Jr.
123 South Broad Street – Suite 2020
Philadelphia, PA  19109
215-875-3132

Attorneys for Plaintiffs